878 F.2d 1436
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
W.T. BECTON, Plaintiff-Appellant,
v.
BURLINGTON NORTHERN RAILROAD CO., Defendants-Appellees.
 No. 86-6136.
 United States Court of Appeals, Sixth Circuit.
 July 10, 1989.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 W.T. Becton, a black railroad employee, sued his employer, Burlington Northern Railroad Company, in district court under 42 U.S.C. Sec. 1981.[1] He alleged that Burlington Northern denied him equality of contract rights through racially motivated harassment and job demotion. Becton also appealed his demotion in accordance with his collective bargaining agreement and the Railway Labor Act, 45 U.S.C. Sec. 151 et seq., to the National Railroad Adjustment Board ("NRAB"). The district court granted Burlington Northern's motion for summary judgment and dismissed the complaint on September 23, 1986, on the basis that Becton's claim was a "minor dispute" within the meaning of the Railway Labor Act, subject to the NRAB's exclusive jurisdiction so that his section 1981 action was barred. Becton timely appealed.
 
 
 2
 Based on the Supreme Court's recent pronouncement in Patterson v. McLean Credit Union, 57 U.S.L.W. 4705 (U.S. June 15, 1989), we affirm the judgment of the district court dismissing Appellant's claims. We decide, however, on a basis different than the analysis used by the district court.
 
 
 3
 In the light of Patterson, supra, Becton's claim of racial harassment is no longer cognizable under section 1981. Justice Kennedy, writing for the majority, stated that racial harassment, although "reprehensible ... is not actionable under Sec. 1981, which covers only conduct at the initial formation of the contract and conduct which impairs the right to enforce contract obligations through legal process." Patterson, 57 U.S.L.W. at 4709. Justice Kennedy called "postformation conduct" outside the scope of section 1981 and its prohibition against discrimination in the making and enforcement of contracts. Id. Here, as in Patterson, supra, Becton's claim of racial harassment, based on allegations he was treated differently from white employees by being made to work harder and on more "onerous" work, necessarily implicates the same postformation conduct. Therefore, the district court properly dismissed Becton's claim for racial harassment under section 1981.
 
 
 4
 Appellant also claims that he was demoted in violation of section 1981. Like the racial harassment claim, Appellant's job demotion claim is likewise "postformation conduct" outside the scope of section 1981. In Patterson, the Supreme Court addressed the parallel claim of failure to promote, stating that cognizance of such a claim under section 1981 "depends upon whether the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." Patterson, 57 U.S.L.W. at 4710. In this context, Appellant alleged no missed "opportunity to enter into a new contract." As with the racial harassment claim, we conclude Becton's claim of discriminatory job demotion is not actionable under section 1981 and must therefore be dismissed.
 
 
 5
 Since we hold that Becton's claims are not cognizable under section 1981, the judgment of the district court dismissing the action is affirmed.
 
 
 
 [1]
 Section 1981 provides in relevant part:
 All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens....